OPINION. Arnold, Judge-. The petitioner contends that the net amounts it withdrew in 1938 and 1939 from its wholly owned subsidiary were dividends when withdrawn. The respondent contends that the withdrawals were loans and that the declaration of a dividend in 1940 had the effect of canceling the loans and making the amount of the declared dividend income in that year, as the character of the withdrawals was then changed from loans to dividends. We are not concerned with the adjustment of the petitioner’s tax liability for 1938 and 1939, but with the computation of the petitioner’s excess profits tax for 1941, which involves the question whether the excess profits credit under section 713 of the Internal Revenue Code is to be computed by including or excluding these withdrawals as income when withdrawn in 1938 and 1939, and with the net loss, if any, for 1940 deductible from 1941 income. If the withdrawals were not dividends, and therefore not income in 1938 and 1939, the petitioner’s base period net income is zero, as determined by the respondent. If thfe withdrawals were dividends, and therefore income to the petitioner, a base period net income would result for purposes of excess profits credit, augmented by the growth formula under section 713 (f) of the Internal Revenue Code, and also a net operating loss for 1940 to be carried over into 1941. The issue is whether the net amounts withdrawn in 1938 and 1939 were income to the petitioner in those respective years, or in 1940. The principles of law applicable in this type of case are stated in Wiese v. Commissioner, 93 Fed. (2d) 921; certiorari denied, 304 U. S. 562, affirming 35 B. T. A. 701: * * * When the principal shareholder of a corporation makes a permanent withdrawal of funds from the company, he is deemed to have received income at the time of withdrawal, although the formalities of a dividend distribution have not been observed and the payment is recorded on the books of the company as a loan. * * * But if the stockholder borrows money from the company and subsequently the company cancels the debt, income accrues to the stockholder at the time when the character of the withdrawal changes from a loan to a distribution of profits. » * * In that case the taxpayer was the sole stockholder of a corporation and made withdrawals over a period of six years, charging the amounts to his open account. The taxpayer did not at the time report the withdrawals as dividends on his tax returns. Later, the open account was charged to surplus and the taxpayer filed-amended returns for the past years reporting the withdrawals as dividends and paying the additional taxes resulting. The Commissioner determined that the charge to surplus amounted to a dividend at the time thereof, concluding that the withdrawals were loans when made and until charged off. This determination was sustained by the Board of Tax Appeals and by the Circuit Court. The conduct of the taxpayer and the corporation wit¿ respect to book entries and tax returns was regarded as demonstrating the intentions at the time of the withdrawals. The account between the petitioner here and its subsidiary was an open account, orginally recording a loan to the subsidiary and later showing a balance in favor of the petitioner. The balance sheets of the two corporations at the end of 1938 and 1939 showed the balance as an asset of the subsidiary and a liability of the petitioner. The tax returns of the petitioner, sworn to by its officers, did not show the receipt of any dividend from the subsidiary until 1940, and then showed the full amount of the declared dividend as income. These are the sole documentary evidences in the record of the intention of the petitioner’s officers at that time, and show that they did not treat the withdrawals as dividends in 1938 and 1939. Evidently the withdrawals were not considered dividends in those years, or they would have been reported as such in the returns. That the withdrawals were not considered dividends until a resolution to that effect was adopted on July 22,1940, is shown by petitioner’s return for the year 1940. The dividend declaration of that year included the withdrawals for 1938 and 1939. It was not until the 1941 return was filed in 1942 that petitioner, realizing that its former treatment would result in an increased tax liability, shifted its position and for the first time treated the withdrawals in 1938 and 1939 as dividends, notwithstanding there was no declaration of a dividend until 1940. We think petitioner’s treatment of the amounts in question in the ordinary course of its business and before it was confronted with an increased tax liability reflects the true intent at the time the withdrawls were made — that is, they were not intended to be and were not dividends at the time withdrawn. Although the petitioner’s president testified that repayment of the withdrawals was not intended, he also said that the subsidiary was available after 1938 to perform other contracts in Canada if any were procured. The only purpose of maintaining the existence of the subsidiary was to undertake future Canadian contracts. The petitioner did not know when such a contract might be procured and it might become necessary to restore the funds withdrawn, or some part thereof, to finance the contract. The retention by the subsidiary of its funds, or of the right to repayment thereof, was entirely consistent with the possibility of its obtaining other contracts. The evidence thus supports the respondent’s determination. The facts here are not distinguishable from those in the Wiese case, supra, and we think the decision is controlled thereby. To the same effect, see Cohen v. Commissioner, 17 Fed. (2d) 184, affirming 28 B. T. A. 190; certiorari denied, 296 U. S. 610; Allen v. Commissioner, 117 Fed. (2d) 364, affirming B. T. A. memorandum opinion; Commissioner v. Cohen, 121 Fed. (2d) 348, affirming on this issue B. T. A. memorandum opinion; and Jas. J. Gravley, 44 B. T. A. 722. As pointed out in Commissioner v. Cohen, supra, if no dividend had been declared and the subsidiary had become insolvent, the payments would have been recoverable by its creditors. The petitioner relies upon certain cases in which withdrawals made by a controlling stockholder were held to be dividends. Chattanooga Savings Bank v. Brewer, 17 Fed. (2d) 79; certiorari denied, 274 U. S. 751; Christopher v. Burnet, 55 Fed. (2d) 527, affirming 13 B. T. A. 729; Anketell Lumber & Coal Co. v. United States, 1 Fed. Supp. 724; and George P. Marshall, 32 B. T. A. 956. In each of these cases the Commissioner determined that the withdrawals were dividends when withdrawn and the taxpayer was unable to convince the Board or the Court that this determination was erroneous. In the Chattanooga Savings Bank case, supra, the charter forbade loans to stockholders. In the Anketell Lumber & Coal Co. case, supra, the corporation was in liquidation and the issue was whether the alleged loans were includible in invested capital. In the Marshall case, supra, amounts withdrawn by the sole stockholder were used for personal purposes and the Board concluded from all the evidence, and particularly the testimony of the petitioner, that, contrary to his contentions, he had no intention of repaying the amounts withdrawn. Also, there was no occasion for a repayment. In the Christopher case, supra, there was no evidence of intent to repay the withdrawals and no occasion for it. Here the acquisition of a new contract by the subsidiary would probably result in a repayment of at least a part of the amounts withdrawn. The intention in 1938 and 1939 may well have been that the amounts would be repaid if needed for such a purpose, otherwise not. There is no such finality to withdrawals under these conditions as to characterize them as dividends. The respondent accepted the petitioner’s original treatment of the transaction as truly representing its character. The petitioner has the burden of showing error in the respondent’s determination, and in doing so it must deny its own treatment of the matter. We think this burden has not been met. It may be observed that the petitioner had it in its power to cause the subsidiary to declare dividends whenever that suited the petitioner’s purpose and it did not choose to do this in 1938 or 1939. In the Wiese case, supra, the Circuit Court observed (at page 923): * * * It is important that courts do not go too far in relieving the taxpayer of his burden of proof in cases such as this, where both the facts and the evidence are peculiarly subject to the control and knowledge of the taxpayer. If individuals should be allowed to take advantage of the government’s inability to recognize their unexpressed intentions the way would be open for one to say ir retrospect when his income accrued, according to his own advantage. The petitioner chose to use a subsidiary corporation for its own purposes. It could originally have treated the withdrawals as dividends, but did not choose to do so. If its recorded treatment of the transactions between the corporations leads to adverse tax consequences, it may not justly complain when its own records are accepted as truly showing its intent. Decision will be entered for the respondent.